UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| PAUL G. LATHAN, JR. | CIVIL ACTION NO. 3:12-cv-3160 |
|     LA. DOC #502198 | |
| VS. | SECTION P |
| | JUDGE DONALD E. WALTER |
| WARDEN JOHNNY SUMLIN | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* petitioner Paul G. Lathan, Jr., an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* on December 21, 2012. Petitioner attacks his 2005 manslaughter conviction and the 27 year sentence imposed by Louisiana's Third Judicial District Court, Lincoln Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

The Lincoln Parish Grand Jury indicted petitioner on a charge of second degree murder. On October 28, 2005, petitioner was found guilty of the responsive verdict of manslaughter. Petitioner appealed the conviction and sentence claiming (1) the time limits for commencement of trial as set forth in La. C.Cr.P. art. 532 had expired and therefore the trial court erred in denying petitioner's motion to quash; (2) the trial court erred in granting the State's motion in *limine* to exclude evidence of the victim's medical condition and reputation and, the granting of

the motion in *limine* violated petitioner's Constitutional right to present a defense; and, (3) excessiveness of sentence. On February 28, 2007, petitioner's judgment of conviction and sentence were affirmed by the Second Circuit Court of Appeals. *State of Louisiana v. Paul G. Lathan, Jr.*, 41,855 (La. App. 2 Cir. 2/28/2007), 953 So.2d 890. Petitioner's application for *certiorari* was denied on March 28, 2008, and reconsideration was denied on August 29, 2008. *State of Louisiana v. Paul G. Lathan, Jr.* 2007-0805 (La. 3/28/08), 978 So.2d 297, reconsideration denied, 989 So.2d. 87.

On May 20, 2008, petitioner filed a petition for writ of *habeas corpus* in this Court raising the same claims raised on direct appeal to the Second Circuit Court of Appeals. *See Paul Lathan, Jr. v. Warden Johnny Sumlin*, Civil Action No. 3:08-cv-0731. [*Lathan I* at Doc. 1]Among other things, petitioner alleged that he did not seek review in the Louisiana Supreme Court on direct review because while he notified the court of his intention to seek writs, he did not follow through since he was unable to obtain the court records and transcripts from the trial court and the Court of Appeals. [*Lathan I, Doc. 1*, ¶11, p. 3] Thereafter, in his memorandum in support of *habeas corpus*, petitioner implied that while he did not adequately present his appellate argument to the Louisiana Supreme Court on direct review, he should nevertheless be exempt from the statutory and jurisprudential mandates requiring State prisoners to exhaust available state court remedies prior to seeking federal *habeas corpus* relief. [*Lathan I* at Doc. 1-2]

On July 14, 2008, the undersigned completed an initial review, noted the fact that by his own admission State court remedies were not exhausted, and directed petitioner to amend his complaint to provide proof of exhaustion of state court remedies. [*Lathan I* at Doc. 4] Petitioner

2

responded to the amend order on September 11 2008; among other things he provided (1) a copy of a form letter from the Clerk of the Louisiana Supreme Court dated April 23, 2007, which responded to his letter of March 29, 2007 and which advised petitioner to file his application within 60 days of April 23; (2) a copy of a "Motion to Compel Production of Documents" filed in the Louisiana Supreme Court which alleged, among other things, "Defendant intends to file an application for a Writ of Certiorari with the Honorable Court in review of a ruling by the Court of Appeal Second Circuit affirming his conviction and sentence..."; the pleading also noted that the Supreme Court had granted an "out of time extension to file the aforesaid application, preferably within sixty days of [April 23, 2007]..."; (3) a letter from the Supreme Court dated September 18, 2007, notifying petitioner that his motion to compel production was denied but he was granted an additional 60 days within which to supplement his pleading; and, (4) a form letter from the Supreme Court's Clerk advising petitioner that his pleading seeking production of documents were being returned unfiled and directing him to file his claims within 60 days of November 8, 2007. [*Lathan I* at Doc. 7]

On September 26, 2008, the undersigned recommended dismissal of the petition without prejudice based on petitioner's admitted failure to exhaust available state court remedies prior to filing his *habeas corpus* suit. The undersigned also noted that petitioner was not entitled to free copies of court records and transcripts on a showing of indigency alone since the jurisprudence, requires a showing of a "particularized need." [*Lathan I,* at Doc. 8]

On October 7, 2008, petitioner filed a pleading that was designated an objection to the Report and Recommendation; however, in that pleading, petitioner again requested copies of State court records and did not otherwise address the issue of exhaustion of State court remedies.

3

[[*Lathan I*, Doc. 9] On December 4, 2008, the undersigned submitted a Supplemental Report and Recommendation again noting petitioner's failure to address the issue of exhaustion and again recommending dismissal of his petition. [*Lathan I*, Doc. 11] Again, petitioner objected and argued his entitlement to free copies of trial transcripts without addressing the issue of exhaustion of state court remedies. [*Lathan I*, Doc. 15] On January 12, 2009, and again on February 18, 2009, Judge Walter adopted the Report and Recommendation along with the Supplemental Report and Recommendation and entered judgments denying petitioner's request for court documents and transcripts and dismissing the petition without prejudice based upon petitioner's failure to exhaust State court remedies. [*Lathan I* at Docs. 16-17] Petitioner did not appeal.

He apparently did not return to State court to seek post-conviction relief. [Doc. 1, ¶10], and instead filed the instant petition on December 21, 2012. Petitioner raises the same claims for relief he raised on direct appeal to the Second Circuit Court of Appeals and in his first *habeas* petition filed in 2008. He provided no brief in support of his claims, nor any argument or evidence to establish whether he exhausted available State court remedies either prior to or after the dismissal of his 2008 *habeas corpus* petition.

*Law and Analysis*

*1. Limitations*

Title 28 U.S.C. § 2244(d)(1) (as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the

4

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a <u>properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period</u>. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner's conviction and sentence were affirmed by the Second Circuit Court of appeals on February 28, 2007. *State of Louisiana v. Paul G. Lathan, Jr.*, 41,855 (La. App. 2 Cir. 2/28/2007), 953 So.2d 890. His application for *certiorari* was denied on March 28, 2008, and reconsideration was denied on August 29, 2008. *State of Louisiana v. Paul G. Lathan, Jr.* 2007-0805 (La. 3/28/08), 978 So.2d 297, reconsideration denied, 989 So.2d. 87. Assuming, as is now argued (or at least implied) by petitioner, that his writ application to the Louisiana Supreme Court was properly filed and timely, petitioner's judgment of conviction "became final by the ... expiration of the time for seeking ... [direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about November 29, 2008, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. See Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (The state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has expired.) Since petitioner's

---

[1] The pleadings and exhibits do not suggest that petitioner may rely upon the reckoning periods established by §2244(d)(1)(B), (C), or (D). He points to no state created impediments to filing habeas corpus; nor does he allege the recent discovery of the factual basis for his claim; nor does he allege new and retroactively applicable Supreme Court jurisprudence.

judgment of conviction became final for AEDPA purposes on November 29, 2008, petitioner had one year, or until November 29, 2009, to file his federal *habeas corpus* suit.

As previously noted, he filed his first petition for writ of *habeas corpus* in this Court on May 20, 2008 (*Lathan I* at Doc. 1) and it remained pending in this Court until February 18, 2009, when the final judgment of dismissal was entered (*Lathan I*, at Doc. 17]. The AEDPA's 1-year period of limitations expired on November 29, 2009. Petitioner was unable to toll the 1-year limitations period prior to its expiration because by his own admission, he did not seek State post-conviction or other collateral relief from his judgment of conviction and sentence. Further, petitioner may not rely upon the pendency of his first federal *habeas corpus* petition to toll the AEDPA limitations period. *Duncan v. Walker*, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001); *Rhines v. Weber*, 544 U.S. at 274-75 ("Although the limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review,' § 2244(d)(2), the filing of a petition for *habeas corpus* in federal court does not toll the statute of limitations.")

In addition, petitioner cannot rely upon the pendency of his various motions seeking production of documents because such motions are not considered "properly filed applications for State post-conviction or other collateral review ..." as defined by § 2244(d)(2) so as to toll the limitations period established by § 2244(d)(1). See *Boyd v. Ward*, 2001 WL 533221, *4 (E.D.La.2001); *Brisbon v. Cain*, 2000 Wl 45872, *2 (E . D.La.2000); *Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir.2002) citing *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir.1997) (motion for appointment of counsel does not toll the one-year limitation period); *See also Myers v. Cain*, 2001 WL 1218763, *4 (E.D.La., 2001).

In other words, the AEDPA time limits expired on or about November 29, 2009. Petitioner cannot avail himself of the statutory tolling provisions of §2244(d)(2) because there was no properly filed State post-conviction proceeding pending before the limitations period expired. Giving petitioner the benefit of every doubt, it appears that a period in excess of 3 years expired un-tolled between the date that his judgment of conviction and sentence became final and the date he filed this petition for *habeas corpus*.

*2. Equitable Tolling*

Petitioner was forewarned that a subsequent *habeas corpus* petition would probably be dismissed as time-barred. [*Lathan I* at Doc. 8, Section 5] Petitioner has not demonstrated that he is entitled to the benefits of statutory tolling pursuant to §2244(d).  Therefore, in order for his petition to remain viable, he must demonstrate that he is entitled to the benefits of equitable tolling.

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently  rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case). Petitioner has not demonstrated that "extraordinary circumstance stood in his way and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474–75 (5th Cir.2010). The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or

response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers, Monroe, Louisiana, February 14, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE